NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANITZA PAOLA OSCANOA
ARELLANO; MAYER MICHAEL
SURICHAQUI OSCANOA,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 23-4415

Agency Nos.
A218-146-870
A218-146-871

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2026**
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Petitioners Danitza Paola Oscanoa Arellano and her son Mayer Michael

Surichaqui Oscanoa are natives and citizens of Peru. They petition for review of a

decision by the Board of Immigration Appeals ("BIA") denying their applications

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (citation modified). "We review questions of law de novo and the agency's factual findings for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation modified).

1. The BIA did not mistakenly conflate the IJ's two nexus determinations. It did not suggest that there was no nexus with regards to the intimate-partner violence Oscanoa Arellano suffered at the hands of her former partner. The BIA affirmed the no-nexus holding only as to Petitioners' claim of persecution from the "unknown individuals who attempted to extort [Oscanoa Arellano] and kidnapped [her son]." Petitioners do not challenge that determination.

2. Substantial evidence supports the BIA's conclusion that Petitioners failed to establish that the "government was unable or unwilling to protect them from the private individuals they fear." *See Guevara-Serrano v. Bondi*, 164 F.4th 1133,

---

[1] Oscanoa Arellano's son is a derivative beneficiary of his mother's applications.

1137 (9th Cir. 2026) (concluding that a government's inability or unwillingness to protect a petitioner is a necessary element of asylum and withholding of removal claims). Oscanoa Arellano argues that the government's inability to protect her is evidenced by the fact that her former partner successfully evaded Peruvian authorities during the entire period he was abusing her. But the record does not compel this conclusion.

The following evidence in the record suggests the contrary: Oscanoa Arellano's partner had previously been arrested on a rape charge, though he was later acquitted. He was subsequently prosecuted, convicted in absentia, and sentenced to fifteen years for kidnapping and murdering one of his former girlfriends and her daughter, and the police offered a reward for his capture. In 2018, Oscanoa Arellano's neighbor called the police twice to report the partner's abuse of Oscanoa Arellano. The police responded on both occasions, but Oscanoa Arellano declined to give a statement. The police told her to call them if her partner returned. And in 2022, when Oscanoa Arellano's mother called police to report his location, they arrested him for the kidnapping and murder.

Nor did the agency overlook the country conditions evidence in making this determination. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (holding that a petitioner "attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the

presumption that it did review the evidence").

3. The IJ did consider Oscanoa Arellano's testimony that she "did not wish to give police a statement out of fear of retaliation from [her partner]." The IJ acknowledged that Oscanoa Arellano was not required to report the abuse to the police in order to make the "unable or unwilling" showing. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017). But the IJ was permitted to consider "[w]hether a victim has reported or attempted to report violence or abuse to authorities," as well as "credible testimony or documentary evidence explaining why a victim did not report." *Id.*

For the reasons above, substantial evidence supports the agency's denial of Oscanoa Arellano's applications for asylum and withholding of removal, and the agency did not err as a matter of law in so denying. *See Guevara-Serrano*, 164 F.4th at 1137.

4. Substantial evidence supports the agency's denial of CAT relief. Specifically, substantial evidence supports the agency's determination that Oscanoa Arellano did not show it is more likely than not that any future abuse by her former partner would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. *See Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). Police responded to calls from Oscanoa Arellano's neighbor and mother, and even though the partner

evaded arrest multiple times, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).  Nor does the country conditions evidence showing lax enforcement of domestic violence laws compel reversal of the agency's decision.  *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[2] The stay of removal (Dkt. No. 28) will remain in place until the mandate issues.  The motion for stay of removal is otherwise denied.

23-4415